J. Stephen Simms (*pro hac vice*)
Gary C. Muphy (*pro hac vice*)
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
443-290-8704
Facsimile 410-510-1789
jssimms@simmsshowers.com
gcmurphy@simmsshowers.com

Marisa G. Huber
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Phone: (415) 348-6000
Facsimile: (415) 346-6001
Email: mhuber@gibsonrobb.com

Attorneys for Plaintiff
*Spinnaker Equipment Services, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Spinnaker Equipment Services, Inc., a California corporation,<br><br>    Plaintiff,<br>v.<br><br>Pan Ocean Container Supplies Co., Ltd., a Chinese limited company,<br><br>    Defendant,<br><br>and<br><br>CAI International, Inc., a Delaware corporation,<br><br>Textainer Ltd., a Bermuda limited company,<br><br>Textainer Equipment Management (U.S.) Ltd., a Delaware corporation, | Case No. 25-cv-782<br><br>IN ADMIRALTY, Fed. R. Civ. P. 9(h)<br><br>**AMENDED VERIFIED COMPLAINT; REQUEST FOR ISSUANCE OF SUPPLEMENTAL RULE B MARITIME ATACHMENT AND GARNISHMENT WRIT;**<br>**AND IN THE ALTERNATIVE REQUEST FOR ISSUANCE OF A WRIT OF ATTACHMENT PUSUANT TO FED. R. CIV. P. 64(a) AND CALIFORNIA CIVIL CODE** |

Textainer Equipment Management (U.S.) II LLC, a Delaware limited liability company,

    Garnishees.

Spinnaker Equipment Services, Inc. ("Spinnaker") brings this action against Pan Ocean Container Supplies Co, Ltd, ("Pan Ocean"), *quasi in rem*, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting issuance of process of maritime attachment and garnishment, including against Garnishees. In the alternative, Spinnaker seeks an order permitting prejudgment writs of attachment in accordance with California Code of Civil Procedure, section 481.010 et seq. and Fed R. Civ. P. 64(a). Spinnaker, states as follows:

## Jurisdiction and Venue

1. This is an action within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Spinnaker further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for arbitration which Spinnaker has initiated against Pan Ocean in Hong Kong pursuant a purchase agreement for the purchase and sale of marine cargo containers between Spinnaker and Pan Ocean, as more fully detailed below.

2. Jurisdiction is also proper under 28 U.S.C. § 1332(a) because there is diversity and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. Venue is proper in this District because Garnishees can be found in this District.

4. Venue is also proper in this District because, upon information and belief, Pan Ocean's property is or soon will be in this District, namely through accounts payable due to Pan Ocean, because Garnishees are located or are found in this District.

5. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

6. Spinnaker is a corporation organized under the laws of California and located in this District with its principal place of business in San Francisco, CA. It is in the business of both leasing and selling new and used marine cargo containers.

7. Pan Ocean is a Chinese corporation that manufactures and sells marine cargo containers. Its address is Economic Development Zone of Hangzhou Bay Avenue, North Side of Hangzhou Bay Road, Haiyan 314305, Zhejiang Province, the People's Republic of China.

8. Garnishee CAI International, Inc. ("CAI") is a global transportation company that offers intermodal container leasing and sales with a principal office, and directors, located in this District, in San Francisco, CA.  Spinnaker, on information and belief, as detailed below, reasonably believes CAI holds accounts or property of and/or owing to Pan Ocean.

9. Garnishees Textainer Ltd. (a Bermuda corporation registered in California), Textainer Equipment Management (U.S.) Ltd. (a Delaware corporation registered in California), and Textainer Equipment Management (U.S.) II LLC (a Delaware limited liability company registered in California) (collectively "Textainer") are, upon information and belief, related companies that are intermodal container lessors and resellers of used containers. Textainer maintains an office and resident agent located in this District, in San Francisco, CA. Spinnaker, on information and belief, as detailed below, reasonably believes Textainer holds accounts or property of and/or owing to Pan Ocean.

## Facts

10. On or about August 7, 2019, Spinnaker and Pan Ocean (collectively "Parties") entered into a written purchase agreement – "Agreement Number: SES/POCS-2019" (herein "Agreement") – where Spinnaker agreed to purchase from Pan Ocean, and Pan Ocean agreed to sell, marine cargo containers manufactured by Pan Ocean.  This Agreement formed a

maritime contract between the Parties. The Agreement was further expressly incorporated into subsequent purchase orders – also maritime contracts - between the Parties.

11. Clause 14 of the Agreement provides:

> This Agreement shall be governed by the laws of Hong Kong SAR. Any controversy, dispute, or claim arising out of or in relation to the interpretation or otherwise of any of the causes of this Agreement shall be finally settled in accordance with the rules of Hong Kong International Arbitration Center. The proceedings shall take place in Hong Kong SAR, and shall be held in English language.

12. Clause 11 of the Agreement provides:

> The rights and remedies of both parties provided in this Agreement and any applicable Purchase Order shall not be exclusive but in addition to any rights and remedies provided by the law of any jurisdiction.

13. Clause 5 of the Agreement provides:

> a) The parties agree that it would be impracticable or extremely difficult to fix the actual damage arising from the Seller's failure to deliver the Containers. Therefore, in the event Seller fails to make any of the Containers ready for delivery within 15 days after the end of the contractual month in which any such container is scheduled to be produced and delivered, except for reasons of Force Majeure as defined in Clause 12, then the Seller shall be liable to the Buyer for liquidated damages at the rate of US$5.0 for each 20' Dry Container (or as otherwise set forth in the applicable purchase order) until the day on which the Seller makes each such container ready for delivery. If the Containers, or any of them, have not been made so ready for delivery by 15 days after the end of the scheduled production month, whether for reason of Force Majeure or otherwise, the Buyer may, at its sole option, terminate this Agreement with respect to any undelivered containers by seven (7) day's notice in writing without prejudice to any other rights and remedies then or thereafter available to the Buyer hereunder or otherwise.
>
> b) Liquidated damages payable under this Clause shall be in addition to, and not in lieu of, any damages to which the Buyer may be entitled if this Agreement is terminated due to the Seller's default, and the Buyer's rights and remedies shall in no way be diminished or impaired by reason of the inclusion of the foregoing liquidated damages provision in this Agreement.

14. On or about February 24, 2021, March 1, 2021, and March 3, 2021, Spinnaker placed, and Pan Ocean accepted, a series of purchase orders for marine cargo containers.

15. The containers purchased by Spinnaker were anticipated to be used on maritime vessels and immediately placed into ocean service for the movement of maritime freight. This use was consistent with past marine cargo containers purchased from Pan Ocean that Spinnaker had leased to shipping lines or a Non-Vessel Operating Common Carriers ("NVOCC") who – in turn - placed them on an ocean-going vessel.

16. Clause 1.a of the Agreement provided that the "design construction and production of the Containers ….[were] subject to final approval by Buyer and or Buyer's Customer, if applicable."

17. Pan Ocean manufactured and delivered only a portion of the marine cargo containers ordered and accepted on or about February 24, 2021. Pan Ocean failed to manufacture or make ready for delivery, at any time, some of the containers ordered and accepted on February 24, 2021.

18. Pan Ocean failed to manufacture or make ready for delivery, at any time, all of the containers ordered on March 1, 2021, and March 3, 2021.

19. Pursuant to the Agreement, Spinnaker, on or about July 30, 2021, commenced arbitration with the Hong Kong International Arbitration Centre.

20. On June 15, 2022, the arbitrator appointed by the Hong Kong International Arbitration Centre issued a "Final Award" ordering:

   a. Pan Ocean to pay Spinnaker liquidated damages in the sum of US$ 4,080,240.

   b. Pan Ocean to pay Spinnaker damages for non-delivery in the sum of US$ 5,923,372.

c. Pan Ocean to pay Spinnaker pre-award interest on the principal amount of US$ 4,080,240 accrued on simple basis at 2.125% from April 16, 2021, to June 15, 2022. [By Spinnaker's calculation is results in an amount of US$ 100,957.99].

d. Pan Ocean to pay Spinnaker pre-award interest on the principal amount of US$ 5,923,372 accrued on simple basis at 4.25% from December 16, 2021, to June 15, 2022. [By Spinnaker's calculation this results in an amount of US$ 124,837.09].

e. Pan Ocean to pay Spinnaker the costs of arbitration in the amount of HK$ 209,046.72 [US$ 26,629.98 at time of award as calculated by Spinnaker] and US$ 50,875.67.

f. Pan Ocean to pay Spinnaker post-award interest on the amounts of US$ 4,080,240; US$ 4,080,240; HK$ 209,046.72 and US$50,875.67 the rate of interest determined by the Chief Justice under section 49(1)(b) (interest of judgments) of the Hong Kong High Court Ordinance Cap. 4 from the date of this Final Award until full payment is made.

21. The total amount owed to Spinnaker by Pan Ocean under the arbitration "Final Award," plus awarded attorney fees, is now at least US$ 12,883,752.00. Interest and legal fees continue to accrue.

22. Spinnaker previously (on or about October 10, 2022) commenced enforcement action on the "Final Award" in the mainland Chinese court system – specifically the Ningbo Maritime Court – and obtained an order granting its application for property preservation – freezing 73,170,834.85 RMB (i.e. Renminbi -China's currency) of Pan Ocean's funds– the provisional equivalent of US$ 10,306,912.73.

23. Upon Pan Ocean's funds being frozen in China, Pan Ocean applied to the Hong Kong Court to set aside the arbitration award. The Hong Kong Court, on July 9, 2024, denied Pan Ocean's request. Pan Ocean subsequently applied for leave to appeal against the Hong Kong Court's decision of July 9, 2024. In an order dated February 14, 2025, the Hong Kong

Court denied Pan Ocean's request for leave to appeal the Hong Kong Court's decision of July 9, 2024.  **Exhibit 3 herein.**

24. Pan Ocean has not paid Spinnaker the amounts due under the "Final Award," and interest continues to accrue.

### Specific Allegation - Garnishees

25. **Garnishee CAI:**  Spinnaker reviewed records, including from independent investigation and Production Schedule and Yard Inventory Reports, showing CAI recently conducted – or is conducting - business with Pan Ocean and, thus, likely has accounts payable to Pan Ocean.  Spinnaker, therefore, reasonably believes this Garnishee owes accounts or holds property of Pan Ocean.

26. **Garnishees Textainer:**  Spinnaker reviewed records, including from independent investigation and Production Schedule and Yard Inventory Reports, showing Textainer recently conducted – or is conducting - business with Pan Ocean and thus, likely has accounts payable to Pan Ocean.  Spinnaker therefore reasonably believes these Garnishees owe accounts or hold property of Pan Ocean.

### Count I – Breach of Maritime Contract – Security for Arbitration

27. Spinnaker repeats and incorporates the previous paragraphs as though fully set forth herein.

28. Pan Ocean breached the Agreement – a maritime contract – with Spinnaker and caused Spinnaker damages, which are subject to Hong Kong arbitration, for which damages, as outlined in paragraph 20 above, were awarded in a "Final Award" to Spinnaker. Spinnaker seeks additional security by way of funds and other property held by Garnishees as demanded below.

**Count II – Process of Maritime Attachment and Garnishment (Supplemental Rule B)**

29. Spinnaker repeats and incorporates the previous paragraph as though fully set forth herein.

30. Spinnaker seeks issuance of process of maritime attachment and garnishment so that it may obtain security for its claims in arbitration as detailed in the arbitration "Final Award," and which is before the Chinese court for enforcement.

31. Pan Ocean cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, property including intangible property, funds, accounts owed or held for Pan Ocean, and/or credits in the hands of one or more garnishees in this District, including the Garnishees.

32. Spinnaker therefore respectfully requests the Court to issue writs of maritime garnishment pursuant to Supplemental Rule B as set out below.

**Count III – Writ of Attachment –
California Code of Civil Procedure, Section 481.010 et seq.).
In the Alternative**

33. Spinnaker repeats and incorporates paragraphs 1-26 as though fully set forth herein. Spinnaker seeks a writ of attachment under the California Code of Civil Procedure – in the alternative – should this Court determine that the Agreement is not a maritime contract. **Exhibit 1,** hereto.

34. Fed R. Civ. P. 64(a) provides that:

> (a) Remedies Under State Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.
>
> (b) Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of

whether state procedure requires an independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding or equivalent remedies.

35. California Civil Code of Civil Procedure 481.010 *et seq.* permits prejudgment writs of attachment.

36. An order of attachment may be issued for a claim of money based on an express or implied contract where the total amount of such claim is a fixed or readily ascertainable amount not less than $500.00. *See* Cal. Code Civ. Proc. § 483.010(a).

37. Spinnaker's claim is a readily ascertainable amount that exceeds $500.

38. Spinnaker's claim is based on an expressed contract, specifically, a foreign arbitral award based on a written contract between Spinnaker and Pan Ocean. *See generally Dehua Venture Cap. Inv. Co. v. Cuiwen,* No. 522CV00108JAKSPX, 2023 WL 1481592, at *4 (C.D. Cal. Jan. 11, 2023), *report and recommendation adopted sub nom. Dehua Venture Cap. Inv. Co. v. Lin Cuiwen*, No. 5:22-CV-00108-JAK-SP, 2023 WL 1478432 (C.D. Cal. Feb. 1, 2023), and *report and recommendation adopted sub nom. Dehua Venture Cap. Inv. Co. v. Lin Cuiwen*, No. 5:22-CV-00108-JAK-SP, 2023 WL 2064049 (C.D. Cal. Feb. 15, 2023)

39. An affidavit further supporting Spinnaker's right to attach, and the "probable validity" of the claim as required per Cal. Code Civ. Proc. § 484.030, 484.040, and 484.090 is attached as **Exhibit 2,** hereto.

40. Spinnaker does not seek the attachment for a purpose other than recovery of the claim upon which the request for attachment is based.

41. Accounts payable to, or held by, the garnishees for Pan Ocean are attachable and not exempt from attachment under California law. *See* Cal. Code Civ. Proc. § 484.090(b); *see also id.* § 487.010; *id.* § 487.020.

### Prayer for Relief

WHEREFORE, Spinnaker prays:

A. That, as Pan Ocean cannot be found within this District, and pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to garnish and attach property of Pan Ocean including, but not limited to, accounts payable or to be owed from Garnishees to Pan Ocean in the amount of **US $12,883,752.00.** (the "Final Award" plus awarded attorney fees detailed above) (herein, the "Security Amount");

B. That, Process provides for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Security Amount; and that upon that total amount being garnished and attached, that this Court recognize the "Final Award," and enter judgment for Spinnaker, ordering that judgment upon recognition of the arbitrator "Final Award" by this Court be paid from the Security Amount;

C. That, any persons claiming any interest in the property attached by such Process be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Amended Verified Complaint;

D. That, a person over 18 years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of Maritime Attachment and Garnishment;

E. That, should this Court find that the Agreement is not a maritime contract, in the alternative, this Court issue an Order for Writs of Attachment pursuant to California Civil Code of Civil Procedure 481.010 *et seq* to garnish and attach property of Pan Ocean including, but not limited to, accounts payable or to be owed from Garnishees to Pan Ocean in the amount of **US $12,883,752.00 (**the "Final Award" plus awarded attorney fees, again herein the "Security Amount") and that said Writs provide for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Security Amount; and that upon that total amount being garnished and attached, that this Court recognize the "Final Award," and enter judgment for Spinnaker, ordering that judgment upon recognition of the arbitrator "Final Award" by this Court be paid from the Security Amount. That this Court award

Spinnaker such other and further relief that this Court deems just and proper.

Date: February 25, 2025.

Respectfully submitted,

| | |
|---|---|
| GIBSON ROBB & LINDH LLP | /s/ J. Stephen Simms |
| | J. Stephen Simms, *pro hac vice* |
| Marisa G. Huber | Gary C. Murphy, *pro hac vice* |
| mhuber@gibsonrobb.com | Simms Showers LLP |

Spinnaker Counsel

### VERIFICATION –

### AFFIDAVIT THAT DEFENDANT IS NOT FOUND WITHIN THE DISTRICT PURSUANT TO SUPPLEMENTAL RULE B

I, Timothy Britton, am the CEO of Spinnaker Equipment Services, Inc. ("Spinnaker").

The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge and information, based upon the records of Spinnaker and other information available to me. I am authorized to make this verification on Spinnaker's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. I understand there is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

Pursuant to 28 U.S.C. §1746(1), I solemnly declare under penalty of perjury that the

foregoing is true and correct.

Executed on February 25, 2025.

_____
Timothy Britton
CEO, Spinnaker Equipment Services, Inc